1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

| | |
|---|---|
| RODOLFO J. ROLDAN RIERA, | ) NO. EDCV 14-1404 GHK (AS) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION OF A** |
| | ) **UNITED STATES MAGISTRATE JUDGE** |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On July 10, 2014, a "Request for Emergency Injunctive Relief" ("Request") was filed on behalf of Rodolfo J. Roldan Riera

1   ("Plaintiff"),[1] seeking declaratory and injunctive relief including the
2   provision to Plaintiff of necessary medication, "adequate legal
3   materials" to prepare his defense, and "unmonitored phone calls to seek
4   representation or communicate with his appellate attorney." (Request
5   at 10). Plaintiff was also granted leave to proceed in forma pauperis
6   ("IFP"), ordered to "submit a completed 'certificate of authorized
7   officer' and a certified copy of his trust account statement no later
8   than July 24, 2014[,]" and advised that failure to provide the
9   documents sought would result in the revocation of his IFP status.
10  (Dkt. No. 2). On October 21, 2014, the Court revoked Plaintiff's leave
11  to proceed IFP due to Plaintiff's failure to submit a completed
12  "certificate of authorized officer" and a certified copy his trust fund
13  account statement, and dismissed this action without prejudice. (Dkt.
14  No. 7).

15

16      Plaintiff appealed the Court's decision to the Ninth Circuit Court
17  of Appeals, which on December 2, 2015, vacated the Court's decision and
18  remanded the matter because "in the verified declaration in his notice
19  of appeal, [Plaintiff] asserts that the Adelanto Detention Center did
20  not provide him with the required documents, and that he timely
21  informed the district court of this issue."[2] (Dkt. Nos. 11, 16). This
22  Court thereafter granted Plaintiff's IFP request on February 3, 2016.

23

24      [1] The Court refers to Rodolfo J. Roldan Riera as "Plaintiff" even
25  though, as discussed below, the Request and other documents were filed
    on his behalf by another individual who purports to be Rodolfo's
26  "attorney in fact."

27      [2] Despite his declaration before the Ninth Circuit, Plaintiff
28  never informed this Court of any purported difficulty he had in
    obtaining the required documents.

2

(Dkt. No. 18).  Although the Court's February 3, 2016 Order was mailed to Plaintiff's address of record – the Adelanto Detention Facility in Adelanto, California – it was returned as undeliverable on February 17, 2016, because Petitioner was released from the facility on December 23, 2015.  (Dkt. No. 19).

On June 9, 2016, the Court issued an Order requiring Plaintiff to notify the Court of his current address and telephone number within ten days, and cautioning him that failure to respond to the Order would lead to a recommendation that the action be dismissed for failure to prosecute.  (Dkt. No. 20).  To date, Plaintiff has failed to respond to the June 9, 2016 Court Order and has failed to provide the Court with his current address.

## II.

### DISCUSSION

### A.   Plaintiff's Claims Are Moot

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'"  Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (quoting U.S. Const., Art. III, § 2); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.").  An "'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation."  Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citations omitted); Kingdomware Tech., Inc. v.

1    <u>United States</u>, 136 S. Ct. 1969, 1975 (2016); <u>see also</u> <u>Spencer v. Kemna</u>,

2    523 U.S. 1, 7 (1998) (The "case-or-controversy requirement subsists

3    through all stages of federal judicial proceedings, trial and

4    appellate. . . . The parties must continue to have a personal stake in

5    the outcome of the lawsuit." (citations and internal quotation marks

6    omitted)).  "If an intervening circumstance deprives the plaintiff of

7    a personal stake in the outcome of the lawsuit, at any point during

8    litigation, the action can no longer proceed and must be dismissed as

9    moot."  <u>Campbell-Ewald Co.</u>, 136 S. Ct. at 669 (citation and internal

10   quotation marks omitted); <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S.

11   Ct. 1523, 1528 (2013).  Mootness is a threshold jurisdictional issue.

12   <u>United States v. Strong</u>, 489 F.3d 1055, 1059 (9th Cir. 2007); <u>Gator.com</u>

13   <u>Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1129 (9th Cir. 2005).

14

15        In this case, the Request was filed on Plaintiff's behalf

16   complaining that officials at the Adelanto Detention Center were

17   refusing to provide Plaintiff with pain medication, not allowing him to

18   make private phone calls to his attorneys, refusing to give him

19   "evidence that is in his property," and not allowing Plaintiff access

20   to legal materials he needs.  (Request at 1-9).  As a result, Plaintiff

21   sought injunctive relief requiring Adelanto staff to: give Plaintiff

22   Oxycodone, Adderall, Wellbutrin and Ativan; allow Plaintiff

23   "unmonitored phone calls to seek representation or communicate with his

24   appellate attorney"; and provide Plaintiff with "adequate legal

25   materials" to prepare his defense.  (<u>Id.</u> at 10).  Plaintiff also asked

26   the Court to "[d]eclare the rights of the parties" and issue a

27   temporary restraining order mandating that Adelanto staff not retaliate

28   against Plaintiff.  (<u>Id.</u>).  However, Plaintiff was released from the

4

Adelanto Detention Center on December 23, 2015 (Dkt. No. 19), and since Plaintiff seeks only declaratory and injunctive relief, his Request must be dismissed as moot.[3]  See Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014) (inmate's release from prison mooted his claims for injunctive and declaratory relief); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1119 n.1 (9th Cir. 2013) ("Hartmann's release from . . . custody renders moot her claims for declaratory and injunctive relief."); Alvarez v. Hill, 667 F.3d 1061, 1063 (9th Cir. 2012) ("[B]ecause the ODOC has released Alvarez from its custody, his claims for declaratory and injunctive relief are moot.").

**B.    The Request Must be Dismissed Because a Non-Attorney Cannot Pursue Claims on Plaintiff's Behalf**

Plaintiff did not sign his Request, the Request to Proceed without Prepayment of Fees, the Prisoner Authorization to collect the filing fee for this action, or the Certification and Notice of Interested Parties. (See Dkt. Nos. 1, 3-4).  Rather, these documents were signed and filed by Begoña Elena Riera, who purported to be Plaintiff's "attorney-in-fact."[4]  (Ibid.).  However, "[w]hile a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"  Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997) (quoting C.E. Pope Equity Trust v.

---

[3]  Plaintiff did not seek damages, but only suggested he might do at some future time.  (Request at 10).

[4]  This violates Fed. R. Civ. P. 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."

1   *United States*, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v.

2   Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (The privilege

3   to represent oneself pro se "is personal to the litigant and does not

4   extend to other parties or entities."); Local Rule 83-2.2.1 ("Any

5   person representing himself or herself in a case without an attorney

6   must appear *pro se* for such purpose.  That representation may not be

7   delegated to any other person – even a spouse, relative, or co-party in

8   the case.").  Accordingly, even if not moot, the Request must be

9   dismissed without prejudice.[5] See Gordon v. Williams, 2010 WL 2557213,

10  *2 (C.D. Cal.) ("[T]he complaint must be dismissed because Mr. Grosz

11  may not bring a *pro se* action on behalf of his mother."), report and

12  recommendation adopted by, 2010 WL 2495995 (C.D. Cal. 2010).

14  **C.    The Action Must be Dismissed for Failure to Comply With Local Rule**

15       **41-6 and a Court Order**

17       Local Rule 41-6 provides:

19       A party proceeding *pro se* shall keep the Court and

20       opposing parties apprised of such party's current address and

21       telephone number, if any, and e-mail address, if any.  If

22       mail directed by the Clerk to a *pro se* plaintiff's address of

24       [5] The Court would ordinarily provide Plaintiff an opportunity to
25  remedy this defect.  However, since the Court's February 3, 2016 Order
    was returned as undeliverable, and given Plaintiff's failure to respond
26  to the June 9, 2016 Court Order and provide the Court with his current
    address, it appears futile to allow such opportunity.  See Carey v.
27  King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) ("Additional
    prior notice of imminent dismissal would be a futile gesture, given
    that the district court's prior mailing to Carey was returned as
28  undeliverable.").

1   record is returned undelivered by the Postal Service, and if,

2   within fifteen (15) days of the service date, such plaintiff

3   fails to notify, in writing, the Court and opposing parties

4   of said plaintiff's current address, the Court may dismiss

5   the action with or without prejudice for want of prosecution.

7   Here, the Court's February 3, 2016 Order granting IFP status to

8   Plaintiff was returned as undeliverable on February 17, 2016, because

9   Plaintiff was released from the Adelanto Detention Center – his address

10   of record – on December 23, 2015.[6]  (Dkt. Nos. 5, 19).  Yet, since his

11   release from the Adelanto Detention Center, Plaintiff has never updated

12   his address with the Court, even though the Court issued an Order on

13   June 9, 2016 requiring Plaintiff to notify the Court of his current

14   address and telephone number within ten days.  (Dkt. No. 20).

16   "Failure to follow a district court's local rules is a proper

17   ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

18   1995) (per curiam).  Moreover, "[p]ursuant to Federal Rule of Civil

19   Procedure 41(b), the district court may dismiss an action for failure

20   to comply with any order of the court."[7]  Ferdik v. Bonzelet, 963 F.2d

22   [6]  On July 28, 2014, Plaintiff filed a Notice of Change of Address
23   providing the Adelanto Detention Center as his current address.  (Dkt.
    No. 5).

24   [7]  Rule 41(b) states that "[i]f the plaintiff fails to prosecute
25   or to comply with these rules or a court order, a defendant may move to
    dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).
26   "[W]hereas the plain language of Rule 41(b) suggests that [involuntary]
    dismissals may only result from a defendant's motion, . . . courts may
27   dismiss under Rule 41(b) sua sponte. . . ." Hells Canyon Preservation
    Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see
28   also Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) ("Neither the

1258, 1260 (9th Cir. 1992); see also Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976) ("[A] District Court has the power to dismiss a claim of a plaintiff with prejudice [pursuant to Fed. R. Civ. P. 41(b)] for failure to comply with an order of the court."). Additionally, "[a]ll federal courts are vested with inherent powers enabling them . . . to ensure obedience to their orders." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations and internal quotation marks omitted); Aloe Vera of Am., Inc. v. U.S., 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam); see also Ferdik, 963 F.2d at 1260 ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (citation omitted)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

In determining whether to dismiss a case for failure to comply with a court order or Local Rule, district courts must weigh five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

permissive language of . . . Rule [41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

1  of cases on their merits and (5) the availability of less drastic
2  sanctions.'"[8] <u>Olmstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir.
3  2010) (citation omitted); <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837,
4  841 (9th Cir. 2000); <u>Ghazali</u>, 46 F.3d at 53.
5
6      Here, the first two factors, the public's interest in expeditious
7  resolution of litigation and the court's need to manage its docket,
8  weigh in favor of dismissal of the action.  See <u>Edwards v. Marin Park,</u>
9  <u>Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be
10 consumed by a case sitting idly on the court's docket."); <u>Pagtalunan v.</u>
11 <u>Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (first two factors weigh in
12 favor of dismissal since "'[t]he public's interest in expeditious
13 resolution of litigation always favors dismissal'" and "[i]t is
14 incumbent upon the Court to manage its docket without being subject to
15 routine noncompliance of litigants"); <u>Valley Eng'rs Inc. v. Elect.</u>
16 <u>Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998) ("[W]here a court order
17 is violated, factors 1 and 2 support sanctions[.]"); <u>Carey v. King</u>, 856
18 F.2d 1439, 1441 (9th Cir. 1988) (<u>per curiam</u>) ("It would be absurd to
19 require the district court to hold a case in abeyance indefinitely just
20 because it is unable, through the plaintiff's own fault, to contact the
21 plaintiff to determine if his reasons for not prosecuting his lawsuit
22 are reasonable or not.").
23
24
25
_____

26     [8] "These factors 'are not a series of conditions precedent before
27 the judge can do anything,' but a 'way for a district judge to think
   about what to do.'"  <u>In re Phenylpropanolamine (PPA) Products Liability</u>
28 <u>Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting <u>Valley Eng'rs Inc.</u>
   <u>v. Elect. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998)).

1    The third factor - the risk of prejudice to the Defendants - also
2    favors dismissal.  "'A defendant suffers prejudice if the plaintiff's
3    actions impair the defendant's ability to go to trial or threaten to
4    interfere with the rightful decision of the case.'"    In re
5    Phenylpropanolamine (PPA) Products Liability Litig., 460 F.3d 1217,
6    1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d
7    1406, 1412 (9th Cir. 1990)).  When considering prejudice, "the failure
8    to prosecute diligently is sufficient by itself to justify dismissal
9    . . . [t]he law presumes injury from unreasonable delay."  In re Eisen,
10   31 F.3d 1447, 1452 (9th Cir. 1994) (quoting Anderson v. Air West, Inc.,
11   542 F.2d 522, 524 (9th Cir. 1976)); see also Pagtalunan, 291 F.3d at
12   643 (Unreasonable "delay inherently increases the risk that witnesses'
13   memories will fade and evidence will become stale." (citing Sibron v.
14   New York, 392 U.S. 40, 57 (1968))).  In this case, Plaintiff has failed
15   to update his address for seven months following his release from
16   Adelanto Detention Center on December 23, 2015, and he has provided no
17   reason for this omission.  See Pagtalunan, 291 F.3d at 642 (Ninth
18   Circuit has "related the risk of prejudice to the plaintiff's reason
19   for" failing to prosecute his action); Yourish v. Cal. Amplifier, 191
20   F.3d 983, 991 (9th Cir. 1999) (same).  Under these circumstances,
21   Plaintiff's "delay was unreasonable, and this factor weighs in favor of
22   dismissal." Pagtalunan, 291 F.3d at 643; Yourish, 191 F.3d at 991-92;
23   see also In re Phenylpropanolamine (PPA) Products Liability Litig., 460
24   F.3d at 1234 ("Failure to produce information without a good reason
25   increases the risk of prejudice from unavailability of witnesses and
26   loss of records."); see also Rollins v. Superior Court of Los Angeles,
27   706 F. Supp. 2d 1008, 1014 (C.D. Cal. 2010) ("Because Petitioner has
28   offered no reason for his failure to keep the Court apprised of his

current address and has failed to prosecute his case diligently, the 'prejudice' element also favors dismissal.").

"The fourth factor, resolution of cases on their merits, always weighs against dismissal." <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." <u>In re Phenylpropanolamine (PPA) Products Liability Litig.</u>, 460 F.3d at 1228. Accordingly, "this factor 'lends little support' to a party [such as Plaintiff] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." <u>Id.</u>; <u>see</u> <u>also</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").

Finally, the Court has considered the availability of less drastic sanctions, but concluded that under the circumstances presented herein, no such sanctions are practical. Plaintiff bears the burden of keeping the Court apprised of any changes in his mailing address. <u>Carey</u>, 856 F.2d at 1441; Local Rule 41-6; <u>see</u> <u>also</u> <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005) (A "litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Because Plaintiff has failed to do so, the Court has no way to contact Plaintiff to threaten him with some lesser sanction. <u>Carey</u>, 856 F.2d at 1441; <u>see</u> <u>also</u>

<u>Rollins</u>, 706 F. Supp. 2d at 1014 ("[T]here is no less drastic sanction available to the Court.   As in *Carey*, the Court cannot contact Petitioner to threaten him with some lesser sanction because the Court cannot locate him.").

"While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." <u>Rio Prop., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1022 (9th Cir. 2002).   Accordingly, even if not moot, the pending action should be dismissed without prejudice.  <u>Carey</u>, 856 F.2d at 1441.

## III.

### RECOMMENDATION

It is recommended that the Court issue an Order (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

DATED: July 26, 2016

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

1

## <u>NOTICE</u>

2

3        Reports and Recommendations are not appealable to the Court of

4    Appeals, but may be subject to the right of any party to file

5    objections as provided in the Local Rules Governing the Duties of

6    Magistrate Judges and review by the District Judge whose initials

7    appear in the docket number.   No notice of appeal pursuant to the

8    Federal Rules of Appellate Procedure should be filed until entry of the

9    judgment of the District Court.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28